*258 The Chief Justice delivered the following opinion of the court:
This was an ejectment, brought by M’Cracken against Sanders. On the trial, a deed was given in evidence by *259 the defendant, by which Ovid McCracken'had conveyed' to him 157 acres of land, lying in the forks of Elkhorn. The deed, after giving certain lines, or boundaries, calls to run “ to North Elkhorn, thence down the several meanders thereof, and binding thereon,” &c. giving certain courses and distances to the forks, “and thence up the meanders of South Elkhorn,” &c. The defendant also gave in evidence, upon the trial, a record of the proceedings of Woodford county court, of July term 1790 ; by which it appeared that Sanders had applied for leave to build a mill; whereupon a writ of ad quod damnum issued, which was executed and returned to the court; who thereupon granted him leave to build a mill on his land on North Elkhorn, a little above the fork. The jury, among other things, report, that they had proceeded'a to value one acre of land, the property of Obediah McCracken, for the said Sanders, to abut his dam. against, &CC.
0f the proceedings on a writ of ^ ¿amp“”’ofetorof feff tabii&ing a wa-Ier mllI>are not pcrfon who wa8 not ⅛ any ^hereto*
But howc-ver irregular migh^have8* been, they are conducive evi-were parti*» thereto, until “*r*Terf-
Awritingnot un<Jer feal, and ‘)ot .a part °f a knot ad-miiíbie evi-^'"eVpiahTthi iegai import of the deed,
Whereupon the plaintiff moved the court to instruct the jury, that the deed; aforesaid was evidence of title in the defendant, to land as far as the creek (North Elk-horn) only, and no farther ; and- that the channel of the stream was. still the property of the plaintiff; also, that' the record aforesaid was no evidence of title in the defen-dantto the channel of the stream, or to any land on the opposite bank ; and that neither the deed, or record, ta-. keu either conjointly or separately, was evidence of such title. Of which opinion were the court, and directed" the iury accordingly. The defendant then offered two witnesses to prove that when he bought the 157 acres land from Ovid M’Cracken, it- was for the express puf-pose, and so understood between them, of-building mills on the stream ; and that a writing to that effect, took place between them, which has since been, destroyed by accident..
The plaintiff objected' to the admission of ‘ this evi-. dence ; which objection was sustained by the court. "To these opinions of the court,. Sanders filed his bill of exceptions. And it is now our duty to review these opinions, and determine whether;they are correct or not.
We are clearly of opinion that the. deed fronj.-Qvid. M’Cracken to Sanders, calling “ to run ta the'creek, and down the creek, with the meanders, and binding i^ergo»,” could confer upon Sanders no title to? the' *260 channel of the stream, or bed of the creek. The express sipns ⅛ the deed clearly import the contrary. What should be considered the channel of the stream, or bed of the creek — -whether within the ordinary, or Ipw-zvater mark, does not appear to have been made a question on the trial.
It is scarcely necessary to add, that if the deed con-; fered no title to the channel of the creek, it could not confer a title to any land on the opposite side of the-preek.
We are also of opinion that the record of Woodford court, was no evidence of title in the defendant, either to the channel of the creek, or to any land on the opposite side of the creek, against the plaintiff, Ovid M’Grac-ken ; because he is neither named in, nor in any way made a party, to the proceedings. The jury condemned an acre of land belonging to Qbediah JPCracken, whereby the defendant t^as, or might have been, invested with; his tide ; but he could not thereby become invested with Ovid M' Cracker? s title. It has been said at the bar that Ovid M’Cyacken and Obediah M’Cracken, are one and: the same person. This is not proved, and we cannot presume it ; they are distinct and entirely different names.
The apt of Virginia, of 1748, relie d; on at the bar, was repealed by the act of 1785, chap, 82, in which it is required that a person applying for leave to build a mill, shall, at least, own the land on one side of the stream, and that the bed of the stream be in himself or the commonwealth; neither of which, as to the bed of the stream, was the case in the present instance.
But we do not go upon that ground. However irregular the proceedings might have been, if Ovid Mc-Cracken had been in any way made a party thereto, wo would have held him bound thereby, until reversed by. writ of error or appeal. We go upon tire ground, that he being no way a party to the proceedings, his legal title could not thereby be divested, under the act of Virginia concerning mills.
We are also of opinion that the court properly rejected the proof of the writing offered by Sanders. That writing does not appear to have been indorsed upon the conveyance ; nor does it appear to have been under seal. It was therefore neither' a deed itself, nor pac.% *261 <⅞1 tjie deed of conveyance. It could confer no legal tj.tle ; and the party’s remedy upon it, if be has any, is in equity. — judgment affirmed.
The cause was argued by
McKinley for the appellant,, and Marshall for the appellee.